John L. Shea
vs.         } No. 70352.
George W. Danielson

June 19, 1929.

CAPOTOSTO, J.   The plaintiff recovered a verdict of $3500 upon his claim of a broker's commission for his efforts in attempting to sell the Lyceum Building, so called, belonging to the

heirs of Samuel Danielson and located at 96 Westminster Street in the City of Providence. The defendant, in moving for a new trial, maintains that the verdict is against the evidence and the weight thereof.

Broadly stated, the plaintiff asserts that on October 12, 1925, he was retained by the defendant to secure a customer for the premises in question at the price of $250,000; that although there were a large number of heirs the defendant bound himself personally to pay the commission; that he did produce a customer who was ready, willing and able to purchase the premises upon the terms stated, and that the defendant unjustifiably refused to sell to such customer or to pay the plaintiff his commission.

The defendant, on the other hand, insists that he was a mere agent for the heirs for the purpose of receiving offers and submitting such offers to those in interest, either individually or through a committee of three; that he made this fact known to the defendant, and that at no time, either in words or conduct, did he bind himself personally to the plaintiff.

Certain facts are beyond dispute. For instance, the plaintiff relies upon an oral contract made between himself and the defendant alone; he admits that he solicited the business by going to the defendant's office and claims that at the very first interview the defendant entered into the contract which he now seeks to establish; he says that he knew there were a large number of heirs scattered throughout the country, but admits that he made no inquiry as to their whereabouts, did not seek to ascertain their identity, and was not concerned with any committee which was representing the estate.

The question of credibility furnishes the determinative test. A reference to any isolated evidence will present a distorted view of the real transaction. Adhering to the rule of reasonable brevity, the Court will consider this case under four main headings: 1. Probability; 2. Oral testimony; 3. Written testimony; 4. Demeanor evidence.

(1) The probabilities are against the plaintiff. It is difficult to believe that a reasonably prudent business man would at the very first meeting with an absolute stranger enter into a sweeping agreement of the type which the plaintiff relies upon. While such things are possible, they are extremely rare in actual life. Conceding that heirs in general are more likely to be guided by financial rather than sentimental consideration, yet it is not unreasonable to believe, as the defendant asserts, that the heirs in this case were interested in preventing their ancestral estate from becoming the foot ball of speculation, provided they could get as much by a transfer for some more conservative use. The caution evidenced by making inquiries of the plaintiff himself as to his standing with the Providence Real Estate Exchange tends to strengthen the belief that the defendant was proceeding with circumspection in dealing with this stranger. The general setting of the original meeting lends color to the probability that after all was said and done the plaintiff was given permission to submit such offers as he might want to be considered without any fixed obligation being assumed by any one.

(2) The oral testimony is conflicting. The plaintiff's evidence is direct, or evasive, or argumentative, as the circumstances require. It showed the characteristics of expediency; in other words, it had the elasticity necessary for any given occasion as it originally or ultimately disclosed itself. There were a few instances in the defendant's testimony where his recollection became unusually dim, yet as a whole, his evidence was not plastic. There are times when adaptability to conditions is a virtue. The witness stand, however, should furnish no opportunity for lightning changes suggested by the

necessity of the immediate present. The spoken evidence, visualized as a whole, suggests a "presentation of convenience" on the part of the plaintiff.

(3) The written testimony, represented by letters and other communications between the parties, tends to support the defendant's rather than the plaintiff's contention. Substantial rights are not waived for the sake of mere courtesy. In fact, such rights are usually asserted in courteous words. Any variation by a party from an existing agreement is ordinarily indicated by polite but positive and unequivocal language. The general trend of the written communications between these parties indicates quite clearly that any proposed sale or lease of the premises was to be approved by the heirs and not by the defendant personally. The plaintiff's suggestion that he tolerated certain written language to pass without comment in order not to annoy the defendant fails to carry conviction.

(4) The conduct of the plaintiff and defendant while on the witness stand, or "demeanor evidence" so called, is worthy of examination. This kind of evidence is never transcribed upon the official record of the trial. The transcript may state the facts as related, but it is a cold, lifeless reproduction of the actual occurrence. The tone of voice, the attitude of surprise or indignation, the spontaneity or hesitancy of an answer, the steadiness of the eye or the flush of the face have all disappeared with the sound of the spoken words. The defendant was inclined to be ultra conservative and at times evinced embarrassment. The plaintiff, on the other hand, adjusted himself with remarkable ease to the changing phases of fortune. By his pose he clearly showed his real or assumed reaction to the various situations which required explanation. Now he is persuasive, then indignant; a smile is carried away by a frown; and a conversational tone is quickly changed to one of emphatic volume. The body reacted in complete accord with his mind. His past experience with the theatrical profession stood him in good stead as a witness before a jury. He was interesting, but he failed to convince the Court.

Taking all the facts and circumstances into consideration, the verdict for the plaintiff is not supported by the credible evidence or the weight thereof.

Motion for new trial granted.

For plaintiff: George F. Troy, Tillinghast & Lynch.

For defendant: Tillinghast & Collins.